[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 Facts
On or about October 21, 1995, the plaintiff, Barbara Anderson, and the decedent, Erik Anderson, were allegedly arrested and brought into the custody of the New London Police Department. While in custody, the decedent, Erik Anderson, died CT Page 2848 allegedly from self-asphyxiation. On February 21, 1997, the plaintiff, individually and as administratrix of the decedent's estate, brought an action solely against the City of New London seeking damages for the events which occurred on or about October 21, 1995.
The plaintiff's thirteen-count complaint is structured so that the first seven counts (counts one through seven) are on behalf of the decedent, Erik Anderson, and the remaining six counts (counts eight through thirteen) are on behalf of Barbara Anderson, individually and as administratrix of the decedent's estate.
The first through sixth counts seek damages for the personal injuries, death, false arrest, false imprisonment and infliction of emotional distress of the decedent, and request municipality indemnification pursuant to General Statutes § 7-465. The seventh count alleges a violation of 42 U.S.C. § 1983. The eighth count does not independently state a legal cause of action, but alleges that the plaintiff was appointed administratrix of the decedent's estate, and that she and the decedent were concurrently taken into custody by the New London Police Department. The ninth, eleventh and twelfth counts allege, respectively, false arrest, false imprisonment and infliction of emotional distress. The tenth count alleges that the conduct of the defendant's employees was neither wanton nor wilful, and requests relief pursuant to § 7-465. The thirteenth count alleges a violation of 42 U.S.C. § 1983.[1]
On December 14, 1998, the plaintiff filed a request for leave to amend the complaint. The defendant filed an objection to the plaintiff's request on December 24, 1998.
The plaintiff's proposed amended complaint contains a total of seven counts against the defendant, the City of New London. Counts one through four are asserted on behalf of the decedent, Erik Anderson, for wrongful death, false arrest, false imprisonment and infliction of emotional distress. Counts five through seven are asserted on behalf of the plaintiff, Barbara Anderson, for false arrest, false imprisonment and infliction of emotional distress.
 Discussion
The defendant argues that the plaintiff should not be able to CT Page 2849 amend her complaint because the statute of limitations has expired. That is, the events giving rise to her cause of action occurred on or about October 21, 1995, and the plaintiff filed her request to amend the complaint on December 14, 1998 — beyond the three-year statute of limitations period.[2] In addition, the defendant argues that the amended complaint cannot relate back to the original date of filing because the plaintiff asserts new causes of action under a "new" statute.
"Amendments relate back to the date of the complaint unless they allege a new cause of action. . . . [A]n amendment to a complaint which sets up a new and different cause of action speaks as of the date when it is filed." (Citations omitted.)Keenan v. Yale-New Haven Hospital, 167 Conn. 284, 285,355 A.2d 253 (1974). "Therefore, if the amended complaint alleges a new cause of action, the proposed amendment will be barred by the statute of limitations. If, however, the proposed amendment relates back to the original complaint, it is not time barred."Amaya v. Stamford Propane Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 139954 (June 5, 1998, D'Andrea), citing Gurliacci v. Mayer, 218 Conn. 531, 546,590 A.2d 914 (1991).
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated." (Citations omitted; internal quotation marks omitted.) Gurliacci v. Mayer, supra,218 Conn. 546-47. "A fair test in determining whether an amended pleading introduces a new cause of action is whether evidence tending to support the facts alleged could have been introduced under the former pleadings. . . . Another approach . . . is to determine whether the adverse party . . . ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct transaction or occurrence set forth in the original pleading might be called into question." (Citations omitted; internal quotation marks omitted.) Elhage v. King Conn.Enterprises, Superior Court, judicial district of Danbury, Docket No. 320137 (April 26, 1996, Stodolink, J.) (16 Conn. L. Rptr. 639). CT Page 2850
In the present case, the plaintiff's proposed amended complaint alleges facts identical to the original complaint. Therefore, the plaintiff does not present "an entirely new and different factual situation" in her proposed amended complaint. See Gurliacci v. Mayer, supra, 218 Conn. 547. Applying the tests in Elhage v. King Conn. Enterprises, supra, the evidence that supports the facts alleged in the amended complaint could have been introduced under the former complaint as well. In addition, the defendant could have reasonably anticipated the plaintiff's decision to switch its theory of the defendant's liability from General Statutes § 7-465 or 42 U.S.C. § 1983 to an ordinary common law action. In short, the alleged facts giving rise to the plaintiff's causes of action have remained constant throughout the case.
 Conclusion
Because the plaintiff's proposed amended complaint does not present a new and different cause of action, the amendment relates back to the date of the original complaint. The amended complaint, therefore, is not time barred by the statute of limitations.
Accordingly, the court grants the plaintiff's request for leave to amend the complaint.
D. Michael Hurley, Judge Trial Referee